IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALLISON ANNE BOOTH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-2435-P |
| | § | |
| CITY OF DALLAS and OFFICER RYAN LOWMAN, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Allison Anne Booth has filed an Emergency Motion to Quash Subpoena to City of Dallas Fire-Rescue Department and Request for Protection, *see* Dkt. No. 11, which Chief Judge Jorge A. Solis has referred to the undersigned United States magistrate judge for determination, *see* Dkt. No. 12.

On December 9, 2015, the Court entered an electronic order setting accelerated deadlines for the filing of a response and reply. *See* Dkt. No. 13. The City of Dallas (the "City") has filed a response, *see* Dkt. No. 15, and Plaintiff has filed a reply, *see* Dkt. No. 17. The Court held oral argument on the motion on December 17, 2015. *See* Dkt. No. 18.

For the reasons explained below, the Court GRANTS in part and DENIES in part Plaintiff's Emergency Motion to Quash Subpoena to City of Dallas Fire-Rescue Department and Request for Protection [Dkt. No. 11] and enters an order permitting the Dallas Fire Rescue Department ("DF-R") to comply with the City's subpoena.

**Background**

Plaintiff alleges that Defendants City of Dallas and Officer Ryan Lowman used excessive force in arresting her on May 11, 2014. *See* Dkt. Nos. 1 & 5.

The City has answered. *See* Dkt. No. 1-4. Officer Lowman has not yet answered but, according to the City's counsel, will do so no later than December 29, 2015 and will plead qualified immunity as an affirmative defense to Plaintiff's claims. *See* Dkt. No. 15.

In a Joint Report of Contents of Scheduling Order, the City and Plaintiff reported to the Court as follows:

> The Parties anticipate that several Dallas police officers will be added as defendants by November 2, 2015. The Parties propose that initial discovery be limited to the qualified immunity inquiry.
> ....
> The Parties propose that discovery be conducted in phases, with the first phase limited to the issues of qualified immunity and the second phase, if necessary, focused on all remaining issues, including the nature and measure of Plaintiff's damages and areas of police conduct and police procedure.

Dkt. No. 4 at 1, 2.

The Court then entered a Qualified Immunity Discovery and Briefing Schedule that ordered that "[d]iscovery limited to the issue of qualified immunity shall be initiated in time to be completed by February 2, 2016" and that "[a]ll other discovery is stayed pending resolution of the qualified immunity issue." Dkt. No. 6 at 1.

The City then caused a subpoena to be served on DF-R for production of "[c]opies of all paramedic records for care provided to Allison Booth on May 11, 2014." Dkt. No. 17-1.

**Legal Standards**

Under Federal Rule of Civil Procedure 26(c), the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See* FED. R. CIV. P. 26(c)(1). "[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l,* 134 F.3d 302, 306 (5th Cir. 1998) (citation omitted). The Court has broad discretion in determining whether to grant a motion for a protective order. *See Harris v. Amoco Prod. Co.,* 768 F.2d 669, 684 (5th Cir. 1985).

Pursuant to Federal Rule of Civil Procedure 45, a party may serve a subpoena commanding a nonparty "to whom it is directed to ... produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." FED. R. CIV. P. 45(a)(1)(A)(iii). "When a subpoena is issued as a discovery device, relevance for purposes of the undue burden test is measured according to the standard of [Federal Rule of Civil Procedure] 26(b)(1)." *Williams v. City of Dallas*, 178 F.R.D. 103, 110 (N.D. Tex. 1998). Rule 26(b)(1) has been amended, effective December 1, 2015, to provide that, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the

parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). Under 28 U.S.C. § 2074(a) and an order of the United States Supreme Court, Rule 26 as amended governs all civil cases commenced after December 1, 2015 and "insofar as just and practicable, all proceedings then pending." http://www.supremecourt.gov/orders/courtorders/frcv15(update)_1823.pdf. The Court finds that applying the standards of Rule 26(b)(1), as amended, to the subpoena at issue and Plaintiff's motion to compel is both just and practicable where the City is not entitled to enforce its subpoena against a non-party based on a greater scope of discovery than should apply to any discovery against any party going forward.

Under Federal Rule of Civil Procedure 45(d)(3)(A), "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A). The moving party has the burden of proof. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004); *Williams*, 178 F.R.D. at 109.

A party, although not in possession or control of the materials sought in a subpoena and not the person to whom the subpoena is directed, has standing to file a motion to quash or modify under Federal Rule of Civil Procedure 45(d)(3) if he has a

personal right or privilege in the subject matter of the subpoena or a sufficient interest in it. *See Ass'n of Am. Physicians & Surgs., Inc. v. Tex. Med. Bd.*, No. 5:07CV191, 2008 WL 2944671, at *1 (E.D. Tex. July 25, 2008). Here, the Court finds that Plaintiff's challenge to a subpoena seeking records from DF-R as to care provided to her [s]"demonstrate a sufficient interest by Plaintiff in the documents and records that Defendant's subpoena requests to generally establish Plaintiff's standing to bring his motion." *Chaput v. Griffin*, No. 3:14-mc-131-G-BN, 2014 WL 7150247, at *2 (N.D. Tex. Dec. 16, 2014).

Federal Rule of Civil Procedure 26(c)(3) provides that, in connection with a motion under Rule 26(c) for a protective order, Federal Rule of Civil Procedure "37(a)(5) applies to the award of expenses." FED. R. CIV. P. 26(c)(3). Rule 37(a)(5), in turn, provides in pertinent part that, "[i]f the motion is denied, the court ... must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party ... who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," "[b]ut the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust," and that, "[i]f the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(B)-(C).

## Analysis

<u>Failure to Include a Copy of the Subpoena with the Motion</u>

The City asserts, as a preliminary matter, that Plaintiff's motion should be summarily denied because she did not provide the Court with a copy of the subpoena at issue. *See* Dkt. No. 15 at 4. Plaintiff corrected this omission in her reply. *See* Dkt. Nos. 17 & 17-1.

Courts have observed that, "[o]rdinarily, where, as here, the movant for an order to quash fails to file a copy of the challenged subpoena, or otherwise to ensure that a copy is in the record, the motion would be subject to summary denial because the court would lack information it needs to decide the motion." *Warner Bros. Records, Inc. v. Doe*, No. 5:08-CV-116-FL, 2008 WL 5111884, at *7 (E.D.N.C. Sept. 26, 2008), *report and recommendation adopted*, 2008 WL 5111883 (E.D.N.C. Dec. 4, 2008). The Court agrees that any subpoena-related motion certainly should attach a copy of the challenged subpoena if it is not otherwise in the record. But the Court declines to summarily deny Plaintiff's motion on this basis under the circumstances presented here.

<u>The Subpoenaed Documents' Relevance to Qualified Immunity</u>

Plaintiff primarily argues that the medical records that the subpoena seeks were created after Plaintiff had been arrested and that, where no DF-R members were at the scene when Plaintiff was arrested, the records can offer nothing of relevance to any assertion of qualified immunity for the use of force in this case. *See* Dkt. No. 11 at 2, 3. According to Plaintiff, "subsequent medical treatment of the Plaintiff has nothing

to do with the Officer's impressions at the time of the arrest and assault of Allison Booth, or whether the officer was permitted under law to use the level of force he did at the time of the arrest." *Id.* at 3. Plaintiff therefore asserts that the subpoena is in clear violation of the Court's order limiting discovery and should be quashed. *See id.* at 2, 3.

The City responds that the question of "what happened" is central to the first prong of the qualified immunity inquiry, which is whether there was a deprivation of constitutional rights in the first place, and that the DF-R records sought by subpoena are directly pertinent to the "what happened" and may contain the paramedics' first-hand observations of Plaintiff's injuries or the lack thereof, may reflect any statements that. Plaintiff may have made describing to the paramedics subjective complaints of injury or denials of injury, and may contain statements that Plaintiff may have made to the paramedics describing the "what happened," such as describing how it was that she came to be injured. *See* Dkt. No. 15 at 4-6.

The Court agrees that the records sought are relevant to a qualified immunity defense and therefore a proper subject of discovery under Rule 26(b)(1) as limited by the Court's Qualified Immunity Discovery and Briefing Schedule [Dkt. No. 5].

"The doctrine of qualified immunity shields 'government officials performing discretionary functions ... from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Luna v. Mullenix*, 773 F.3d 712, 718 (5th Cir. 2014) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). This "gives government

officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." *Stanton v. Sims*, 134 S. Ct. 3, 5 (2013) (per curiam) (internal quotation marks omitted).

The Court analyzes "a defendant's assertion of qualified immunity under a two-prong test. The first asks whether the plaintiff has shown sufficient facts to make out a violation of a constitutional right. The second prong requires the court to determine whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Mason v. Lafayette City-Parish Consol. Gov't*, 806 F.3d 268, 275 (5th Cir. 2015) (internal quotation marks and footnotes omitted). A court may address the two prongs of the qualified immunity analysis "in any order." *Luna*, 773 F.3d at 718 (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

Regardless of which prong is addressed first, a court must decide "whether the facts, taken in the light most favorable to the plaintiff, show the officer's conduct violated a federal constitutional or statutory right." *Luna*, 773 F.3d at 718 (citing *Tolan v. Cotton*, 134 S. Ct. 1861, 1865 (2014); *Flores v. City of Palacios*, 381 F.3d 391, 395 (5th Cir. 2004)). Put differently, under the first prong, a court simply must decide "whether the plaintiff has alleged a violation of a constitutional right." *Charles v. Grief*, 522 F.3d 508, 511 (5th Cir. 2008). And, under the second prong, a court also must decide "'whether the defendant's actions violated clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Luna*, 773 F.3d at 718 (quoting *Flores*, 381 F.3d at 395). This prong of the analysis requires a court to determine "whether the defendant's conduct was objectively reasonable in light of the


clearly established law at the time of the incident." *Charles*, 522 F.3d at 511. That is, even if a government official's conduct violates a clearly established right, the official is entitled to immunity if his conduct was objectively reasonable. *See Davis v. McKinney*, 518 F.3d 304, 317 (5th Cir. 2008); *see also Wood v. Moss*, 134 S. Ct. 2056, 2067 (2014) ("The dispositive inquiry, we have said, is whether it would have been clear to a reasonable officer in the [defendants'] position that their conduct was unlawful in the situation they confronted." (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)) (internal quotation marks and brackets omitted from original)).

As the City argues, paramedic records for care provided to Allison Booth on May 11, 2014 after her arrest are relevant to the question of what happened and therefore relevant to the first prong of an analysis of a qualified immunity defense. *See, e.g.*, *Doss v. Helpenstell*, No. 14-51169, ___ F. App'x ___, at *3-*4 (5th Cir. Sept. 18, 2015); *Duke v. Duckworth*, 236 F. App'x 86, 88-89 (5th Cir. 2007); *Goodson v. City of Corpus Christi*, 202 F.3d 730, 739 (5th Cir. 2000) (citing cases); *Edmond v. City of New Orleans*, 20 F.3d 1170, 1994 WL 144782, at *1 (5th Cir. 1994) (precedential under 5TH CIR. R. 47.5.3) ("Resolving whether the police had a need to use force, and whether they used force in an objectively reasonable way, requires resolving disputed testimony about what happened when the police stopped the plaintiffs' car.").

Plaintiff has asserted that any injury that she suffered may be relevant to the merits of her claim but not to any qualified immunity defense. The governing case law from the United States Court of Appeals for the Fifth Circuit provides otherwise: "For an excessive-force claim, [a] plaintiff clears the first prong of the qualified-immunity

analysis at the summary-judgment stage by showing a genuine dispute of material fact for whether plaintiff sustained: '(1) an injury (2) which resulted from the use of force that was clearly excessive to the need and (3) the excessiveness of which was objectively unreasonable.'" *Clayton v. Columbia Cas. Co.*, 547 F. App'x 645, 649 (5th Cir. 2013) (quoting *Ramirez v. Martinez*, 716 F.3d 369, 377 (5th Cir. 2013) (quoting *Rockwell v. Brown*, 664 F.3d 985, 991 (5th Cir. 2011))); *see also Dawson v. Anderson Cty., Tex.*, 566 F. App'x 375-76 (5th Cir. 2014); *Hogan v. Cunningham*, 722 F.3d 725, 734-35 (5th Cir. 2013); *Brown v. Lynch*, 524 F. App'x 69, 79-81 (5th Cir. 2013); *Poole v. City of Shreveport*, 691 F.3d 624, 638 (5th Cir. 2012); *Goffney v. Sauceda*, 340 F. App'x 181, 184 (5th Cir. 2009).

The narrowly tailored scope of records sought by the subpoena are, under the particular circumstances presented here, properly within the scope of discovery under Rule 26(b)(1) as limited by the Court's Qualified Immunity Discovery and Briefing Schedule [Dkt. No. 5].

<u>The City's Standing to Seek Discovery as to Qualified Immunity</u>

Plaintiff also asserts that, where Officer Lowman has not yet answered and asserted qualified immunity and where the City did not and cannot assert a qualified immunity defense, the City is barred from seeking any discovery at this time because all discovery other than discovery as to qualified immunity has been stayed. *See* Dkt. No. 11 at 3. The Court cannot accept that argument or Plaintiff's corresponding assertion that the City's discovery "efforts are harassing and done in an apparent effort

at intimidating Plaintiff from pursuing a remedy against the parties responsible for assaulting her." *Id.*

On Plaintiff's and the City's joint proposal, the Court has authorized "[d]iscovery limited to the issue of qualified immunity" in anticipation of Officer Lowman's pleading a qualified immunity defense. Dkt. No. 6 at 1; *see also* Dkt. No. 4 at 1, 2. Discovery on the issue of qualified immunity is therefore authorized, based on the parties' joint proposal following their Rule 26(f) conference and in accordance with Federal Rule of Civil Procedure 26(d)(1)'s provision that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." FED. R. CIV. P. 26(d)(1).

As noted above, Rule 26(b)(1) provides (both in its pre- and post-December-1, 2015 form) that, "[u]nless otherwise limited by court order, ... [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). As a party, the City is entitled to obtain discovery relevant to any other party's defense. The City (or any other party) is not required to seek discovery as to any other party's claim or defense, but, under the Federal Rules, it is, as a general matter, entitled to do so.

Plaintiff relies on this Court's statement in a prior decision that "'[w]hether [a requesting party's] discovery requests [to a non-party served with a subpoena] are relevant thus turns on whether they are 'reasonably calculated' to lead to evidence admissible as to [its] claims' or defenses against its opponent in the underlying case."

*Andra Group LP v JDA Software Group, Inc.*, No. 3:15-mc-11-K-BN, 2015 WL 1636602, at *5 (N.D. Tex. Dec. 9, 2015) (quoting *Wiwa*, 392 F.3d at 820). That statement (which is based in part on Rule 26(b)(1)'s now-deleted "reasonably calculated" language) must be understood in context to refer to the circumstances that generally apply – as in that matter and in the decision that the Court was quoting – where a party is seeking third-party discovery relevant to its own claim or defense in the underlying action. The Court also, immediately before that statement, quoted Rule 26(b)(1) and another statement from the same Fifth Circuit decision to the effect that, "[g]enerally speaking, '[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party'" and that, "'[u]nder the federal discovery rules, any party to a civil action is entitled to all information relevant to the subject matter of the action before the court unless such information is privileged.'" *Id.* (quoting FED. R. CIV. P. 26(b)(1); *Wiwa*, 392 F.3d at 820) (internal quotation marks omitted). This Court cannot restrict the scope of discovery that Rule 26(b) and Rule 45(a) otherwise provides and, properly understood in context, did not purport to do so in the statement in *Andra Group LP v JDA Software Group, Inc.* on which Plaintiff relies.

<u>Plaintiff's Protected Health Information</u>

Finally, Plaintiff argues that the City "is seeking to violate Plaintiff's protected health care information without a proper release" and, so, "not only is Defendant City of Dallas seeking discovery in violation of the Court's Scheduling Order, it is also seeking to do so in the most intrusive manner possible and seeking confidential medical information protected by the Health Insurance Portability and Accountability

Act" ("HIPAA"). *Id.* at 4. Plaintiff requests that the Court enter an order prohibiting the City " from engaging in this and further discovery efforts that violate this Court's Scheduling Order and [HIPAA]" or, "[i]n the event this Court rules that Defendant City of Dallas is entitled to this protected health care information, ... enter a protective Order so that Plaintiff's private health care information is not publicly disseminated." *Id.*

The City responds – and the Court agrees – that Plaintiff has placed her post-arrest medical condition directly in issue with her claims. *See* Dkt. No. 15 at 3, 11-12. The City further explains that, while Plaintiff "seeks a protective order prohibiting the dissemination of the Booth's medical information to the general public, ... [that] matter has never been an issue, and the City would readily have agreed to that condition if Booth had raised it before filing her Motion." *Id.* at 3; *see also id.* at 16 n.9. The City contends that "HIPAA contains explicit authorization for the release of patient medical records" under 45 C.F.R. § 164.512(e); that the City complied with Section 164.512(e) in connection with the subpoena at issue here; and that, contrary to Plaintiff's assertions, "the City's use of a subpoena to obtain the medical records that Booth previously agreed to tender at the parties' [Federal Rule of Civil Procedure] 26(f) conference cannot be described as 'the most intrusive manner possible.'" *Id.* at 12-15.

The Court finds that DF-R is an entity covered by HIPAA and that the City's subpoena directed to DF-R seeks Plaintiff's protected health information, as defined under HIPAA. The Court further finds that the City has complied with 45 C.F.R. § 164.512(e), including the provisions as to "satisfactory assurances" to the covered

-13-

entity; that, as explained above, the City's subpoena seeks information that is relevant to this litigation; and that the City is entitled to obtain the medical information sought in the subpoena.

The Court therefore authorizes DF-R to disclose the following information to the City of Dallas: copies of all paramedic records for care provided to Allison Booth on May 11, 2014. As requested by Plaintiff and the City, the Court further orders pursuant to 45 C.F.R. § 164.512(e) that the parties are prohibited from using or disclosing Plaintiff's protected health information for any purpose other than this litigation for which such information was requested and that the City shall the return to the covered entity for destruction the protected health information (including all copies made) at the end of the litigation or proceeding.

In view of Plaintiff's privacy and confidentiality interests in her health records, the Court further ORDERS counsel for Defendants City of Dallas and Officer Ryan Lowman and Plaintiff's counsel to negotiate an appropriate confidentiality agreement or protective order to further govern the use and disclosure of Plaintiff's health and medical records and information in connection with this case and to submit to the Court, by **January 11, 2016**, an agreed protective order for the Court's consideration or a notice of any confidentiality agreement into which the parties have entered. Prior to the parties' entry into a confidentiality agreement or the Court's entry of a protective order, the City's counsel shall not disclose Plaintiff's health and medical records and information to anyone outside of the City Attorney's Office.

Further, the City's counsel shall provide Plaintiff's counsel with a copy of any documents produced by DF-R in response to the subpoena to enable Plaintiff to negotiate with Defendants' counsel and, if necessary, seek an order from the Court as to any further restrictions that may be appropriate as to disclosure of particular information that may be included in the paramedic records for care provided to Plaintiff on May 11, 2014.

Award of Reasonable Expenses

The City seeks, pursuant to Rule 26(c) and Rule 37(a)(5), an award of its expenses, in the form of its attorneys' fees, incurred in opposing Plaintiff's motion. The City contends that Plaintiff acted unreasonably and without substantial justification in seeking an order quashing the City's subpoena and seeking a protective order and that there are no other circumstances that make an award of expenses to the City unjust.

Plaintiff's counsel responded to this request at oral argument. Insofar as Plaintiff argues that the City failed to confer as required on this request, the Court rejects that argument because, as the Court explained at oral argument, just as a movant need not, before filing a motion to compel under Federal Rule of Civil Procedure 37(a) or a motion for protective order under Federal Rule of Civil Procedure 26(c), meet and confer regarding possible reasonable expenses (including attorneys' fees and costs) that it may be awarded under Rule 37(a)(5)(A) or 37(a)(5)(C) – and that it likely will not have even fully incurred prior to a ruling on the motion – if it prevails on the motion, neither must a party opposing a motion to compel or motion for

protective order meet and confer regarding possible reasonable expenses (including attorneys' fees and costs) that it may be awarded under Rule 37(a)(5)(B) or 37(a)(5)(C) if the Court denies the motion.

Rule 37(a)(5) does require that a party facing a possible award of reasonable expenses to its opponent be given an opportunity to be heard. Here, Plaintiff's counsel was given that opportunity at oral argument and reported to the Court there, after addressing the City's Rule 37(a)(5) request, that he had nothing more to offer.

The Court finds that Plaintiff's motion was not substantially justified. The United States Supreme Court has defined "substantially justified" to mean "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "Substantial justification" entails a "reasonable basis in both law and fact," such that "there is a genuine dispute ... or if reasonable people could differ [as to the appropriateness of the contested action]." *Id.* (internal quotation marks omitted); *accord De Angelis v. City of El Paso*, 265 F. App'x 390, 398 (5th Cir. 2008). Based on the Court's analysis above, the Court does not find that Plaintiff's motion had a reasonable basis in law and fact as to whether the City can, at this time, pursue discovery as to qualified immunity or whether the documents sought by the subpoena are relevant to qualified immunity in this case. Further, the record reflects that Plaintiff did not confer with the City in advance of filing Plaintiff's motion as to any alleged HIPAA-related issues with the subpoena, which could have been resolved by agreement had Plaintiff's counsel done

so. And the Court does not find that any other circumstances make an award of expenses unjust in this case.

Accordingly, the Court ORDERS that Plaintiff's counsel must, pursuant to Rule 37(a)(5), pay to the City of Dallas its reasonable attorneys' fee incurred in connection with opposing Plaintiff's Emergency Motion to Quash Subpoena to City of Dallas Fire-Rescue Department and Request for Protection [Dkt. No. 11].

The City may file an application for its reasonable attorneys' fees as described above. But Local Civil Rule 7.1 requires that parties confer before filing an application for attorneys' fees. Plaintiff's counsel and the City's counsel are therefore directed to meet face-to-face and confer about the reasonable amount of these attorney's fees awarded under Rule 37(a)(5). This face-to-face requirement is not satisfied by a telephonic conference. Any attorney refusing to appear for this meeting or to confer as directed by this order will be subject to sanctions.

By no later than **January 6, 2016**, the parties must file a joint status report notifying the Court of the results of the conference. If all disputed issues as to the amount of fees to be awarded have been resolved, the City must also, by **January 6, 2016**, send an agreed proposed order to the Court at [Horan_Orders@txnd.uscourts.gov](mailto:Horan_Orders@txnd.uscourts.gov).

If the parties do not reach an agreement as to the amount of fees to be awarded to the City, the City may, by no later than **January 13, 2016**, file an application for attorneys' fees that is accompanied by supporting evidence establishing the amount of the attorneys' fees (as described above) to be awarded under Rule 37(a)(5). The fee application must be supported by documentation evidencing the "lodestar" calculation,

including affidavits and detailed billing records, and citations to relevant authorities and must set forth the itemized number of hours expended in connection with the recoverable attorneys' fees described above as well as the reasonable rate(s) requested. *See Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002) (using the "lodestar" method to award attorney's fees under Rule 37).

If an application is filed, Plaintiff may file a response by **February 3, 2016**, and the City may file a reply by **February 17, 2016**.

## Conclusion

For the reasons and to the extent explained above, the Court GRANTS in part and DENIES Plaintiff Allison Anne Booth's Emergency Motion to Quash Subpoena to City of Dallas Fire-Rescue Department and Request for Protection [Dkt. No. 11].

SO ORDERED.

DATED: December 18, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE